OPINION
On March 28, 1997, appellant Devareis (Mike) Randleman entered pleas of guilty to two counts of felonious assault, one of which contained a firearm specification. At the sentencing hearing on April 29, 1997, the trial court imposed a prison term of seven years for each count with the terms to run concurrently following a three-year period of incarceration for the firearm specification. Additionally, appellant was informed that the parole board could increase his sentence up to fifty percent should he commit a crime in prison and, if he violated post-release control conditions, he could be subjected to the imposition of an additional time sanction.
According to the record before us, appellant has not yet had his prison sentence extended pursuant to R.C. 2967.11, which provides for "bad time," nor has he had any time imposed under R.C. 2967.28, the statute which provides for the imposition of sanctions for violating post-release control conditions. He now appeals setting forth five assignments of error challenging the constitutionality of R.C. 2967.11 and R.C. 2967.28.
Appellant's five assignments of error are found not well-taken on the authority of this court's decision in State v.Somerlot, et al. (Jan. 23, 1998), Erie App. No. E-97-002, unreported. Accord, State v. Davis (Dec. 31, 1997), Miami App. No. 97-CA-17, unreported.
The judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Richard W. Knepper, J.
CONCUR.